THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EMPRESAS STEWART CEMENTERIOS,**

    *Plaintiff*,

**v.**

**CENTRAL GENERAL DE TRABAJADORES, *et al.*,**

    *Defendants*.

Civ. No. 22-01320 (MAJ)

## OPINION AND ORDER

### I.    Introduction

On July 5, 2022, Empresas Stewart Cementerios ("Plaintiff") filed a Complaint against Central General de Trabajadores ("Union"), José Adrián López Pacheco ("López"), and Scott Barbés ("Barbés") (collectively "Defendants") arising out of the alleged breach of the collective bargaining agreement ("CBA") between the parties. (**ECF No. 1**). On October 31, 2022, Defendants filed a Motion to Dismiss, which this Court granted in part and denied in part. (**ECF Nos. 19, 49**). Pending before the Court is Defendants' Motion for Reconsideration and Motion for Certificate of Appealability brought under 28 U.S.C. § 1292(b) of the Court's Opinion and Order. (**ECF No. 53**). For the reasons stated hereafter, the Court **DENIES** both motions.

### II.    Relevant Factual and Procedural Background

Plaintiff initiated this action on July 5, 2022, seeking (among other forms of relief) preliminary and permanent injunctive relief against Defendants under sections 301 and 303(b) of the Labor Management Relations Act ("LMRA"), as well as Article 690 of the

Puerto Rico Code of Civil Procedure.[1] *See generally* (**ECF No. 1**). Thereafter, Defendants filed a Motion to Dismiss seeking dismissal on four main grounds: (1) Plaintiff is not entitled to injunctive relief under Section 303 of the LMRA, 29 U.S.C. § 187; (2) Section 4 of the Norris-LaGuardia Act, 29 U.S.C. § 104 bars Plaintiff's claim for injunctive relief; (3) Plaintiff has insufficiently pled liability on the part of López and the Union; and (4) Plaintiff did not file a separate motion for preliminary injunction, nor a proposed order, and therefore is not entitled to such. *See generally* (**ECF No. 19**).

On August 10, 2023, the Court granted Defendants' Motion to Dismiss as to Plaintiff's claim for injunctive relief under Section 303 of the LMRA but denied it on the remaining grounds. (**ECF No. 49**). In so holding, the Court found that at this stage of the proceedings, Plaintiff had adequately pled its remaining claims. *Id.* With regards to Plaintiff's request for a preliminary injunction specifically, the Court noted that a request for a preliminary injunction should only be denied absent a hearing if the Court "concludes as a matter of law that the [moving party's] allegations, even if proven, are insufficient to support the issuance of a preliminary injunction." (**ECF No. 49 at 14**) (quoting *Piekosz-Murphy v. Bd. of Educ. of Cmty. High Sch. Dist. No. 230*, 858 F. Supp. 2d 952, 961-62 (N.D. Ill. 2012)). Given the time that had passed since the filing of the Complaint, the Court ordered Plaintiff to indicate whether it was still seeking a preliminary injunction, and if so, to file its request in accordance with Local Rule 65. (**ECF No. 49 at 21**). On August 25, 2023, Plaintiff indicated it was no longer seeking a preliminary injunction, and wished to proceed with the normal course of the case. (**ECF No. 50 ¶ 8**).

---

[1]     The Puerto Rico Code of Civil Procedure section appears to be from the 1933 version. The current version can be found at 32 L.P.R.A. § 3561.

Defendants now argue that "reconsideration is warranted because the Court erred in determining that the [prospective] injunctive relief sought in this case is permissible under *Boys Markets*[2]," and also because "the Court erred in determining that the [C]omplaint contains enough well-pled facts to advance Plaintiff's claims under the 'plausibility' standard.'" (**ECF No. 53 at 9, 16**); *Boys Markets Inc., v. Retail Clerk Union.* 398 US 235 (1970). Alternatively, in the event the Court denies Defendants' request for reconsideration, Defendants seek an order pursuant to 28 U.S.C. § 1292(b) certifying that the Court's decision to not dismiss Plaintiff's request for prospective—or permanent—injunctive relief, involves a controlling question of law. (**ECF No. 53 at 19**).

### III.   Applicable Law and Analysis

#### a.   Motion for Reconsideration

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." *Fed. Deposit Ins. Corp. v. Mapfre Praico Ins. Co. of P.R.*, 638 F. Supp. 3d 102, 106 (D.P.R. 2022) (quoting *Sanchez-Perez v. Sanchez-Gonzalez*, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010)). "A district court, however, 'has the inherent power to reconsider its interlocutory orders.'" *Municipality of San Sebastian v. Puerto Rico*, 116 F. Supp. 3d 49, 53 (D.P.R. 2015) (quoting *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n. 2 (1st Cir. 2008)). The Court also has "substantial discretion and broad authority to grant or deny" a motion for reconsideration. *Dávila v. Mora Dev. Corp.*, 21-cv-01459, 2023 WL

---

[2]       Briefly, "the Norris-La Guardia Act of 1932 . . . prohibited federal courts from granting injunctive relief in labor disputes." V*erizon New Eng., Inc. v. Intl. Broth. of Elec. Workers, Loc. No. 2322*, 651 F.3d 176, 183 (1st Cir. 2011). However, in *Boys Markets*, the Supreme Court established that: "[a] district court may grant a *Boys Markets* injunction provided the petitioner establishes that: (1) a collective bargaining agreement between the parties provides for mandatory binding arbitration; (2) the dispute giving rise to the concerted action which is sought to be enjoined is subject to binding arbitration under that agreement; and (3) ordinary principles of equity warrant injunctive relief." *Otis Elevator Co. v. Intl. Union of Elevator Constructors, Loc. 4*, 408 F.3d 1, 7 (1st Cir. 2005) (citing *Nat'l Elevator Indus. v. Int'l Union of Elevator Constructors*, 776 F.2d 374, 376-77 (1st Cir. 1985)). They will hereinafter be referred to as "*Boys Markets*" injunctions.

4868526, at *4 (D.P.R. July 31, 2023) (quoting *Ruiz Rivera v. Pfizer Pharmaceuticals,
LLC*, 521 F.3d 76, 81 (1st Cir. 2008)). However, a party moving for reconsideration must
"either clearly establish a manifest error of law or . . . present newly discovered evidence."[3]
*Cruz v. Municipality of Lajas*, 19-cv-1119, 2022 WL 7967087, at *1 (D.P.R. Oct. 14, 2022)
(quoting *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st
Cir. 2006)). Likewise, a motion for reconsideration should be granted if the court "has
patently misunderstood a party . . . or has made an error not of reasoning but
apprehension." *Ruiz Rivera*, 521 F.3d at 82. Still the granting of a motion for
reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v.
Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al.,
*Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

Notably, a motion for reconsideration "'cannot be used [] to raise arguments which
could have been raised prior to the issuance of the judgment [or order],' nor for
'repeat[ing] old arguments previously considered and rejected.'" *Sánchez-Medina v.
UNICCO Serv. Co.*, 265 F.R.D. 29, 33 (D.P.R. 2010) (internal citations omitted) (quoting
*Vega v. Hernández*, 381 F. Supp. 2d 31, 35 (D.P.R. 2005)). Plainly, "[r]ule 59(e) does not
exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue
for litigants to reassert arguments and theories that were previously rejected by the

---

[3]        Defendant cites *Nieves-Luciano v. Hernandez-Torres*, for the proposition that the Fed. R. Civ. P.
59(e) standard for motions for reconsideration does not apply to orders from which no immediate appeal
may be taken. 397 F.3d 1, 4 (1st Cir. 2005) (**ECF No. 53 at 6**). However, it appears this only pertained to
the timeframe with which an interlocutory order may be reconsidered. *Nieves-Luciano*, 397 F.3d at 4; *In re
Hanish, LLC*, 570 B.R. 4, 13 (Bankr. D.N.H. 2017) ("[T]he First Circuit's holding was not that interlocutory
orders can never be reconsidered, but the exact opposite—they remain open to reconsideration until entry
of a final judgment."). In accordance with other courts in this district, the Court will analyze the instant
motion under the relevant Fed. R. Civ. P. 59(e) standard. *Dávila v. Mora Dev. Corp.*, 21-cv-01459, 2023
WL 4868526, at *3-4 (D.P.R. July 31, 2023); *Fed. Deposit Ins. Corp. v. Mapfre Praico Ins. Co. of Puerto
Rico*, 638 F. Supp. 3d 102, 107 (D.P.R. 2022)*; Gore & Assoc. Mgmt. Co., Inc. v. Slsco Ltd. & Hartford Ins.
Co.*, 19-cv-1650, 2020 WL 6583007, at *1 (D.P.R. Nov. 9, 2020).

Court." *Fed. Deposit Ins. Corp.*, 638 F. Supp. 3d at 107 (quoting *Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc.*, 322 F.R.D. 439, 441 (D.P.R. 2017). Nor is it "an opportunity for a party to improve upon his arguments[;] try out new arguments; [] [or a proper] forum for a party to vent his dissatisfaction with the Court's reasoning." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997); *see also U.S. ex rel. Wilson v. Bristol Myers Squibb, Inc.*, 06-cv-12195, 2012 WL 13042940, at *2 (D. Mass. Mar. 7, 2012), *aff'd sub nom. U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, 750 F.3d 111 (1st Cir. 2014) (quoting same); *Antony v. Duty Free Americas, Inc.*, 705 F. Supp. 2d 112, 115 (D. Mass. 2010) ("Plaintiff is not entitled to another bite at the apple simply because the Court did not rule in his favor." (First citing *In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr.D.Mass. 1992); and then citing *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991))); *Froudi*, 22 Cl. Ct at 300 ("[A] motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court.").

In the instant matter, Defendants maintain that the Court erred by not dismissing Plaintiff's request for prospective—or permanent—injunctive relief. (**ECF No. 53 at 9**). In so arguing, Defendants state that "[t]here is truly no consensus on the question of prospective injunctions among the different circuit courts," with regards to *Boys Markets* injunctions. (**ECF No. 53 at 11**). The Court denies reconsideration of this point for several reasons, mindful that a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *See Palmer*, 465 F.3d at 30 (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

First, Defendants did not explicitly move for dismissal of Plaintiff's request for permanent injunctive relief in their Motion to Dismiss.[4] Defendants' arguments as to this point were made clear for the first time in the instant Motion for Reconsideration, which is not the appropriate vehicle for such arguments. *Sánchez-Medina*, 265 F.R.D. at 33; *Marks 3 Zet-Ernst Marks GmBh & Co. KG*, 455 F.3d 7 at 15. Plainly, "[a] trial court is not required to guess what relief a party wants or why it wants it." *Marks 3 Zet-Ernst Marks GmBh & Co. KG*, at 15. And as previously stated, a "motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments." *See McCoy*, 966 F. Supp. at 1223.

Second, "[a]s a general matter, 'a request for permanent injunctive relief should not be dismissed at the pleading stage unless the underlying claim upon which relief is sought is dismissed.'" *Denson v. Donald J. Trump for Pres., Inc.*, 20-cv-4737, 2022 WL 18674802, at *4 (citing *Bouveng v. NYG Cap. LLC*, 14-cv-5474, 2015 WL 3503947, at *15 (S.D.N.Y. June 2, 2015)); *see also Messinger v. JPMorgan Chase Bank, N.A.*, 13-cv-2444, 2014 WL 904528, at *2 (S.D.N.Y. Mar. 7, 2014) ("Rather than determining the appropriate remedy, '[t]he Court's task on a motion to dismiss is to consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" (quoting *RJ Cap., S.A. v. Lexington Cap. Funding III, Ltd.*, 10-cv-24, 2011 WL 3251554, at *16 (S.D.N.Y. July 28, 2011))); *Signify N.A. Corp. v. Robe Lighting Inc.*, 20-cv-6230, 2021 WL 3419187, at *3 (S.D. Fla. Mar. 16, 2021) ("Courts are generally reticent to dismiss requests for injunctive relief at the pleading stage and have held that a claim for permanent injunction should not be stricken at the pleading stage when the

---

[4]     The prayer for relief specifically states: "the appearing defendants respectfully ask this Court to deny Plaintiff's request for preliminary injunction, strike the Verified Complaint and dismiss it with prejudice." (**ECF No. 19 at 33**).

underlying claim is not dismissed." (quoting *Oxygenator Water Techs, Inc. V. Tennant Co.*, 20-cv-358, 2020 WL 4572062, at *6 (D. Minn. Aug. 7, 2020) (citing *KIPB LLC v. Samsung Elecs. Co.*, 19-cv-00056, 2020 WL 1500062, at *6 (E.D. Tex. Mar. 9, 2020))); *Herwick v. Budget Rent A Car System, Inc.*, 2010 WL 11549542, at *5 (C.D. Cal. Apr. 26, 2010) ("A permanent injunction requires that the Court be given the opportunity to review all the evidence before it, but which the Court does not have at its disposal at this early stage of litigation." (citing *Horsford v. Bd. Of Trustees of California Sate Univ.*, 33 Cal. Rptr. 3d 644, 668 (Cal. Ct. App. 2005))). Here, Plaintiffs underlying claim has survived. Thus, it would be inappropriate at this juncture to dispose of Plaintiff's requested relief regardless. Accordingly, the Court denies reconsideration of this point.

Defendants next argue that reconsideration "is warranted because the Court erred in determining that the [C]omplaint contains enough well-pled facts to advance Plaintiff's claims under the plausibility' standard." (**ECF No. 53 at 16**). The assertion that this Court erred in its plausibility analysis is nothing more than a rehashing of arguments previously considered and rejected. *See generally* (**ECF No. 19**). To be clear: a motion for reconsideration is not a stage for recycling old arguments, nor is it a forum for airing grievances with the Court's reasoning. *See Sánchez-Medina*, at 33; *McCoy*, at 1223. Defendants' request on this point is also summarily **DENIED**.[5]

### b. Motion for Certificate of Appealability

Alternatively, Defendants request an order, pursuant to 28 U.S.C. § 1292(b), certifying that the Court's Opinion and Order "involves a controlling question of law as to

---

[5]     As a reminder, the case is only at the pleadings stage, and the denial of "a motion to dismiss does not address whether a plaintiff will prevail, but whether they are entitled to support their claims further in proceedings." *Sally Beauty Supply, LLC v. Caribbean Retail Ventures, Inc.*, 18-cv-1844, 2021 WL 5570325, at *1 (D.P.R. July 30, 2021).

which there is substantial ground for difference of opinion and that an immediate appeal from the Memorandum and Order may materially advance the ultimate termination of the litigation." (**ECF No. 53 at 19**). More specifically, Defendants contend that there is substantial ground for difference of opinion as to "whether an injunction restraining a work stoppage under *Boys Markets* may ever be prospective in effect, and if so, under what circumstances. Corollary to that, another controlling question is the pleading requirements for a prospective *Boys Markets* injunction to issue." (**ECF No. 53 at 20**).

> Under 28 U.S.C. § 1292:
>
> When a district judge, *in making in a civil action an order* not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis added).

In *Caraballo-Seda v. Municipality of Hormigueros*, the First Circuit indicated that "[a]s a general rule, [it] do[es] not grant interlocutory appeals from a denial of a motion to dismiss." 395 F.3d 7, 9 (1st Cir. 2005). It also indicated that it has "repeatedly emphasized that interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances . . . ." *Caraballo-Seda*, 395 F.3d at 9. (internal quotations omitted). "[T]he fact that appreciable trial time may be saved is not determinative . . . and neither is the fact that the case has tremendous implications or

might materially advance the ultimate termination of the litigation." *Id.* (internal citations and quotations omitted).

The Court does not find such exceptional circumstances in this case. As mentioned, the issue of prospective injunctive relief was not briefed in Defendants' Motion to Dismiss and has only now been fully argued in their Motion for Reconsideration and Motion for Certificate of Appealability.[6] As such, the Court has not made a determination on Defendants' first purported controlling question of law, that is "whether an injunction restraining a work stoppage under *Boys Markets* may ever be prospective in effect, and if so, under what circumstances." Without a determination by this Court on that inquiry, certification for an interlocutory appeal is inappropriate at this juncture for both proposed controlling questions of law. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

## IV.    Conclusion

Accordingly, for the reasons stated above, Defendants' Motion for Reconsideration and Motion for Certificate of Appealability under 28 U.S.C. § 1292(b) is **DENIED**.

---

[6]     *See M.G. v. Metro. Interpreters and Translators, Inc.*, 85 F. Supp. 3d 1195, 1200 (S.D. Cal. 2015) ("Finally, the court questions the propriety of resolving, by means of a motion for interlocutory appeal, an issue that could have been raised in Defendants' motion for summary judgment but was not. . . . In the absence of extraordinary circumstances not demonstrated by Defendants, it is generally inappropriate to review legal issues entwined with factual considerations raised for the first time on a motion for interlocutory appeal." (citing *In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014))).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th of October, 2023.

> **_S/ María Antongiorgi-Jordán_**
> **MARIA ANTONGIORGI-JORDÁN**
> **UNITED STATES DISTRICT JUDGE**